IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SABRINA LYNN AMADOCOE,  :
                        :
     Petitioner/Defendant, :
                        :           CIVIL ACTION
v.                      :
                        :           NO. 1:12-CV-0090-TWT-ECS
FEDERAL NATIONAL MORTGAGE :
ASSOCIATION,            :
                        :
     Respondent/Plaintiffs. :

**ORDER, FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**I.
Introduction**

The above-styled case is a dispossessory action filed in the Magistrate Court of Dekalb County, which Petitioner is seeking to remove to this Court under 28 U.S.C. § 1446(d). This action is presently before the Court on Petitioner's request to proceed in forma pauperis with the petition for removal [Docs. 1, 1-2]. After consideration by the Court of Petitioner's affidavit of indigency, her request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Because this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1447(c), however, it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Dekalb County.

**II.**
**Discussion**

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

**A. Federal Question Jurisdiction**

Whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc.

2

v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Thus, potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Furthermore, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

In the present case, there is no indication that Federal National Mortgage Association, as the plaintiff in the state court proceeding, has relied on any federal law in its filings with the Dekalb County Magistrate Court. [Doc. 1-2, at 4]. Although Petitioner asserts that federal question jurisdiction exists, see [Doc. 1-3, at 1], the fact that the state "proceedings [may be] occurring in violation of the Uniform Commercial Code and 15 USC 1692, Rule 60 of the Federal Rule of Civil Procedure and the 14th Amendment of the U.S. Constitution," [Doc. 1-1, at 1], is a defense or counterclaim based on federal law.

As discussed above, a case may not be removed to federal court when the basis for removal is a federal defense, see Caterpillar, 482 U.S. at 393, or a federal counterclaim, see Vornado, 535 U.S. at 831. Thus, absent a federal question presented on the face of the state court Plaintiff's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioner cannot properly remove the action on the

3

basis of federal question subject matter jurisdiction. <u>Caterpillar</u>, 482 U.S. at 393; <u>see also</u> <u>HSBC Mortg. Servs., Inc. v. Cunningham</u>, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction).

Additionally, the instant petition represents an almost verbatim copy of another complaint previously filed by Petitioner against Respondent. <u>See</u> 1:11-cv-3176-TWT. The undersigned recommended that Petitioner's previous action be remanded to the Magistrate Court of Dekalb County, and District Judge Thrash issued an order adopting that report and recommendation. <u>See</u> <u>id.</u> In sum, Petitioner now seeks to bring the same claims against the same Defendant in an action that was previously remanded by the Court.

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the Magistrate Court of Dekalb County. Petitioner's request to proceed <u>in forma pauperis</u> is **GRANTED** for the purposes of remand only.

The undersigned additionally **RECOMMENDS** that Petitioner be required to post a $10,000 bond at the time of filing any further actions related to this state dispossessory proceeding, so that a

4

subsequent award of sanctions against Petitioner will be covered in the event another ungrounded action is filed. In the event Petitioner does not post such a bond upon re-filing, the Clerk should be directed to bring the filing to the undersigned for consideration of an award of sanctions. See <u>Matthew v. Countrywide Home Loans</u>, No. 1:07-cv-1465-TWT, 2007 WL 4373125 at *1 (N.D. Ga. Dec. 11, 2007) (slip copy).

With no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 17th day of January, 2012.

s/ <i>E. Clayton Scofield</i><br>
E. CLAYTON SCOFIELD III<br>
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)